NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EURO CLASSICS, INC. : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 06-CV-423 (DMC) |
| EXEL GLOBAL LOGISTICS, INC., : | |
| : | |
| Defendant. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Defendant Exel Global Logistics' ("Defendant") motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. §1406(a), or in the alternative, to transfer venue to the Western District of Washington pursuant to 28 U.S.C. §1404(a) and 28 U.S.C. §1406(a). For the reasons discussed below, the instant litigation is transferred to the Western District of the State of Washington.

I. BACKGROUND

Plaintiff Euro Classics, Inc. ("Plaintiff") originally brought this action in New Jersey Superior Court, Law Division, Union County. Defendant removed the action to federal court on January 30, 2006, on the basis of diversity jurisdiction. Plaintiff is suing Defendant to recover approximately $1,050,861.00 in alleged damages related to the freight and warehousing of Plaintiff's goods arriving from China. In its Complaint, Plaintiff alleges that it has suffered damages as a result of "customs freight errors, failure to notify and errors in: (i) warehousing, (ii)

order picking, (iii) inventory, (iv) shipment preparation, (v) paperwork preparation and issuance; and (vi) shipments." (Pl. Comp at ¶6.)

According to the Factual Background set forth and adopted by both parties in their moving papers, on or about February 2005, Plaintiff engaged Defendant to perform a number of services in Seattle, Washington. As part of those services, Defendant arranged for the ocean carriage of Plaintiff's cargo from China to a port in Seattle, Washington, obtained the necessary clearances for Plaintiff's cargo with the United States Customs Service in Seattle, Washington, warehoused Plaintiff's cargo and arranged for the distribution of Plaintiff's cargo with its vendors. Defendant continued to perform these services up through and including December 2005.

Defendant asks this Court to dismiss this action in its entirety under Fed R. Civ. P. 12(b)(3) on the grounds that the District of New Jersey is the improper venue for this action. In the alternative, Defendant asks this Court to transfer the case to the Western District of Washington pursuant to 28 U.S.C. 1404(a). Plaintiff opposes Defendant's motion.

## II. DISCUSSION

**Dismissal under 12(b)(3)**

Pursuant to Fed. R. Civ. P. 12(b)(3), a defendant may bring a motion to dismiss for improper venue pursuant to 28 U.S.C. §1406. In an action such as this one, where jurisdiction is based solely on diversity, 28 U.S.C. §1391(a) provides three opportunities for venue: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a

judicial district in which any defendant is subject to personal jurisdiction at the same time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. §1391(a).

Defendant contends that venue is improper here under 28 U.S.C. § 1391(a). First, Defendant contends venue is improper pursuant to Section 1391(a)(1) because Defendant is incorporated under the laws of the State of New York and maintains its principal place of business in Irving, Texas. Thus, seeing as Plaintiff also resides in New York, venue would have been properly laid in the District Court for the State of New York, but not the District of New Jersey. The Court agrees..

Second, Defendant contends venue is improper pursuant to Section 1391(a)(2). That section allows venue to be laid where a substantial part of the events or omissions giving rise to the claim occurred. Here, as discussed in more detail below, the majority of the events giving rise to the litigation took place in the State of Washington. Thus, venue is not proper under Section 1391(a)(2).

Third, Defendant argue that Section 1391(a)(3) fails to provide for venue in the District of New Jersey because there are alternative venues where this action may have been brought, such as the Western District for the State of Washington. The Court agrees that this action would have been properly brought in the State of Washington, where the majority of the facts underlying the causes of actions occurred, or in the State of New York, where Plaintiff resides. As such, the Court finds that Section 1391(a)(3) also fails to provide for venue in the District of New Jersey.

### B. Motion to Transfer of Venue

Pursuant to 28 U.S.C. § 1404(a), an action may be transferred to any district where it might have been brought if the transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).  The court has broad discretion in deciding whether transfer is warranted, and must consider both the public interest and the private interests of the parties. See Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756 (3d Cir.1973).  The factors to be considered are:

> 1) plaintiff's choice of forum;
> 2) relative ease of access to sources of proof;
> 3) availability of compulsory process for attendance of unwilling witnesses;
> 4) cost of obtaining attendance of willing witnesses;
> 5) possibility of viewing premises, if applicable;
> 6) all other practical problems that make trial of a case easy, expeditious, and inexpensive; and
> 7) 'public interest' factors, including the relative congestion of court dockets, choice of law considerations, and the relationship of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation.

Gulf Oil v. Gilbert, 330 U.S. 501, 508-09 (1947).

*Private Interest Factors*

Defendant identifies two private interest factors that allegedly favor transfer: 1) that the Plaintiff's choice of forum is deserving of less weight because the operative facts occurred in the State of Washington and 2) ease of access to sources of proof related to Plaintiff's cause of action as well as potential defenses.

Choice of Forum

As a threshold matter, under the Gulf Oil analysis, a plaintiff's choice of forum is

presumptively correct. Piper Aircraft v. Reyno, 454 U.S. 235, 255 (1981).  In the Third Circuit, the plaintiff's choice of venue is entitled to great weight and should not be lightly disturbed. Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir.1970).  As the moving party in this case, Defendant has the burden of persuasion on its motion to transfer. See Plum Tree, Inc., 488 F.2d at 756.  To overcome the presumption in favor of Plaintiff's choice of forum, Defendant must produce "something more than a mere preponderance of the evidence" in favor of transfer. Calkins v. Dollarland, Inc., 117 F.Supp.2d 421, 428 (D.N.J.2000).  However, a plaintiff's choice is deserving of less weight where none of the operative facts of the action occur in the forum it has selected.  See Newcomb v. Daniels, Saltz, Mongeluzzi & Barrett, Ltd., 847 F.Supp. 1244, 1246 (D.N.J.1994); Ricoh Co., Ltd. v. Honeywell, Inc., 817 F.Supp.473, 481 (D.N.J. 1993)(stating "[w]hen the central facts of a lawsuit occur outside the forum state, a plaintiff's section of that forum is entitled to less deference."); see also National Micrographics Sys. v. Canon U.S.A., 825 F.Supp. 671, 681 (D.N.J.1993); American Tel. & Tel.v. MCI Comm., 736 F.Supp. at 1294, 1306 (D.N.J. 1990).

Here, Defendant contends that the operative facts giving rise to this litigation occurred in Seattle, Washington.  According to the Complaint, Plaintiff engaged Defendant to perform logistic related services for its cargo in the State of Washington.  The parties' agreement for service to be performed does not indicate that Defendant was to perform services for Plaintiff in New Jersey, but rather in Seattle, Washington.  The alleged damages are directly related to the services performed in the State of Washington.  Defendant claims it did not perform a single task related to Plaintiff's cargo in New Jersey.  The goods in question did not enter through a port in

New Jersey, did not clear customs in New Jersey, and were not shipped from New Jersey.

In opposition, Plaintiff contends that although the events which give rise to its Complaint occurred in the State of Washington, venue is proper in New Jersey because Defendant came to the State of New Jersey to solicit Plaintiff's business. Specifically, Plaintiff contends that Defendant sent numerous individuals to its Union, New Jersey office to solicit business. Plaintiff further maintains that there was no communication with Defendant's Washington office until all arrangements had been made through Plaintiff's personnel at the Union headquarters of Plaintiff.

As noted above, the choice of forum by a plaintiff is afforded less weight where the forum has little connection with the operative facts of the lawsuit. See Newcomb, 847 F.Supp. at 1246; Honeywell, 817 F.Supp. at 481. From the record before the Court, it appears that none of the operative facts occurred in New Jersey. The only connection between New Jersey and the facts issues in this case is that Plaintiff maintains an office in Union, New Jersey (its principal place of business appears to be in New York). The Complaint, however, fails to assert any actionable conduct or decisions made by the Defendant in New Jersey. None of the allegations giving rise to the lawsuit relate to Defendant's alleged solicitation in New Jersey. As such, this Court affords Plaintiff's choice of forum less deference.

Relative ease of access to sources of proof

In determining the relative ease of access to sources of proof, a court must "scrutinize the substance of the dispute between the parties to evaluate what proof is required, and determine whether the pieces of evidence cited by the parties are critical, or even relevant, to the plaintiff's cause of action and to any potential defenses to the action." Lony v. E.I. Du Pont de Nemours &

Co., 886 F.2d 628, 635 (3d Cir.1989). Here, Defendant asserts that any documents in this matter related to the alleged "customs freight entry errors" are located in the State of Washington. Any documents related to the alleged errors in warehousing order picking, inventory, shipment and shipment preparation are also located in the State of Washington. Defendant contends that transfer of this action to the Washington will enhance the ease of discovery and facilitate access to records given their location in the State of Washington. Plaintiff does not address Defendant's argument in its moving papers or represent that the transfer of papers to Washington would present a hardship to it. Nevertheless, where "documents can be transported and/or easily photocopied, their location is entitled to little weight." Clark v. Burger King Corp., 255 F.Supp.2d 334, 339 (D.N.J.2003). As such, this factor does not weigh in favor of or against transfer.

Witness Convenience

The convenience of the witnesses is a particularly significant factor. See Kahhan v. City of Fort Lauderdale, 566 F.Supp. 736, 739 (E.D.Pa.1983). Defendant has identified three witnesses that it believes to be important, all of whom reside in the State of Washington. Defendant further notes that because these witnesses are no longer employees, it cannot compel them to travel to New Jersey. Plaintiff argues that the majority of its witnesses will be its customers who will be coming from various states and therefore there is no reason to have the matter heard in Washington. In addition, Plaintiff argues that many of its witnesses will be its personnel and that there is no compelling reason why "Plaintiff should be any more inconvenienced in producing its witnesses in the State of Washington than the defendant would

be in producing its witnesses from Washington to New Jersey." (Pl. Opp. Br.)

It is unclear from the papers of the parties what would constitute the most critical live testimony, especially since Plaintiff has failed to identify its witnesses and their respective locations. However, it seems logical that if the majority of the alleged damage occurred in Washington, the most important live testimony would be given by witnesses located in Washington. As such, this factor weighs in favor of transfer.

*Public Interest Factors*

Defendant argues that the State of Washington has a greater interest in the litigation that the State of New Jersey because all of the operative events took place in Washington. Furthermore, Defendant argues that New Jersey jurors should not be burdened with resolving a matter related to conduct that took place outside of New Jersey, relying upon Tischio v. Bontex, Inc., 16 F.Supp. 2d 511, 526 (D.N.J. 1998).

*Summary*

In the interest of justice, the Court finds that instead of dismissing this action, it is appropriate to transfer this action to the Western District of the State of Washington. With respect to the decision to transfer, although Plaintiff's choice of forum is entitled to great deference, that deference is lessened when none of the operative facts occurred in the forum state. Furthermore, the majority of the critical witnesses appear to be located in the State of Washington or in states other than New Jersey. Also, the situs of all relevant documents appears to be in the State of Washington. Finally, as to the public interest factors, considering this action

took place in Washington it makes sense that it be resolved in Washington. As such, having weighed the public and private interest factors, venue more appropriately lies in the Western District of the State of Washington.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Defendant's motion to transfer is **granted**. An appropriate Order accompanies this Opinion.

                                              S/ Dennis M. Cavanaugh
                                              Dennis M. Cavanaugh, U.S.D.J.

Date:        May 16, 2006
Original:    Clerk's Office
Cc:         All Counsel of Record
              The Honorable Mark Falk, U.S.M.J.
              File